Marc Toberoff (S.B. #188547)
*mtoberoff@toberoffandassociates.com*
TOBEROFF & ASSOCIATES, P.C.
23823 Malibu Road, Suite 50-363
Malibu, CA 90265
Facsimile: (310) 246-3101
Telephone: (310) 246-3333

*Attorneys for Plaintiff/Counterclaim Defendants*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| R. LANCE HILL, an individual,<br><br>  Plaintiff,<br><br>  v.<br><br>METRO-GOLDWYN-MAYER STUDIOS INC., a Delaware corporation, AMAZON STUDIOS LLC, a California limited liability company, UNITED ARTISTS PICTURES INC., a Delaware corporation, and DOES 1-10,<br><br>  Defendants.<br><hr>METRO-GOLDWYN-MAYER STUDIOS INC., a Delaware corporation; AMAZON STUDIOS LLC, a California limited liability company; UNITED ARTISTS PICTURES INC., a Delaware corporation,<br><br>  Counterclaimants,<br><br>  v. | Case No.: 2:24-cv-01587-HDV-SSC<br><br>**PLAINTIFF AND COUNTERCLAIM-DEFENDANTS R. LANCE HILL AND LADY AMOS LITERARY WORKS LTD.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR SPECIAL MOTION TO STRIKE**<br><br>**Hearing Date:** September 12, 2024<br>**Hearing Time:** 10:30 AM<br>**Place:** Courtroom 5B<br>**Judge:** Hon. Hernan D. Vera |

1 | R. LANCE HILL, an individual; and
2 | LADY AMOS LITERARY WORKS LTD., a Canadian corporation,
3
4 |     Counterclaim Defendant
    and Third-Party
5 |     Counterclaim Defendant.
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiff/Counterclaim Defendant R. Lance Hill ("Hill" or "Plaintiff") and Third-Party Counterclaim Defendant Lady Amos Literary Works Ltd. ("Lady Amos") (collectively, "Hill Parties") respectfully request that the Court take judicial notice of Exhibits B-D to the Declaration of Marc Toberoff ("Toberoff Decl.") made in support of their Special Motion to Defendants/Counterclaimants Metro-Goldwyn-Mayer Studios Inc., Amazon Studios LLC, and United Artists Pictures Inc.'s ("United Artists") (collectively, "Counterclaimants") Second Counterclaim for Breach of Contract pursuant to California Code of Civil Procedure § 425.16 ("Motion").

Where, as here, a party "makes an anti-SLAPP motion to strike founded on purely legal arguments, then the analysis is made under Fed. R. Civ. P. 8 and 12 standards." *Planned Parenthood Fed'n of Am. v. Ctr. for Med. Progress*, 890 F.3d 828, 833 (9th Cir. 2018). In performing this analysis, the Court may consider the allegations of the countercomplaint, documents incorporated into the countercomplaint by reference, and matters which are subject to judicial notice. *Id.*, 890 F.3d at 834; *see also, e.g., Eliott v. Lions Gate Ent. Corp.*, 639 F. Supp. 3d 1012, 1020-22 (C.D. Cal. 2022) (taking judicial notice of several exhibits in support of Anti-SLAPP motion under motion to dismiss standard) *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003) (In ruling on a motion to dismiss for failure to state a claim, the Court may consider "documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice . . . without converting the motion to dismiss into a motion for summary judgment.").

Accordingly, the Court can, and should, consider the following Exhibits. Whereas, the Exhibits are not strictly germane to the Motion, they provide valuable context for the Court's consideration of this case, and for that reason were quite deliberately omitted by Defendants from the five exhibits attached to their Answer/Countercomplaint, though generally referenced therein.

***The Assignment of Copyright by Author R. Lance Hill, in his Individual Capacity, to United Artists.*** Exhibit B to the Toberoff Declaration is a true and correct copy of an "Assignment" by the author Plaintiff R. Lance Hill, in his individual capacity (as well as by his d/b/a entity Lady Amos) to United Artists of the copyright in and to Hill's original screenplay "Roadhouse" dated July 1986 (the "Assignment"). While failing to attach the Assignment to their Countercomplaint Defendants specifically referenced and relied upon it therein. Countercomplaint (Dkt. 22) ¶¶ 36 ("Hill executed a short-form assignment …of the 1986 Screenplay (the 'Assignment')"), 42, 43.

"[I]ncorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). The doctrine is designed to prevent litigants "from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Id.* A document may be incorporated by reference into a complaint if it either "forms the basis of [a party]'s claim" or is referred to "extensively" by the party. *Ritchie*, 342 F.3d at 908. For a reference to be sufficiently "extensive," a document should be referred to "more than once." *Khoja*, 899 F.3d at 1003. But "a single reference" could, in theory, satisfy the standard if the reference is "relatively lengthy." *Id.*; *see also, e.g., Michael Grecco Prods. Inc. v. ImageSelect B.V.*, 2024 WL 1640911, at *4 (C.D. Cal. Mar. 11, 2024) (taking judicial notice of agreement where party "refer[red] to this document in the Complaint and d[id] not question its authenticity") (citation omitted).

The repeated references in Defendants' Countercomplaint to the copyright Assignment by Hill of the copyright in his Roadhouse screenplay are more than sufficient to meet this standard, and thus, the Assignment may be considered by this Court. Countercl. ¶¶ 36, 42-43.

1      ***United Artists' Recordation of Hill's Copyright Assignment with the U.S.***
2  ***Copyright Office; Registration Certificate for the Infringing 2024 Film.*** Exhibit C
3 and D to the Toberoff Declaration are true and correct copies of printouts of
4 government records obtained from the U.S. Copyright Office's Official Public
5 Catalog. Exhibit C is the record of the recordation by <u>United Artists</u> of Hill's
6 Assignment of the copyright to his screenplay "Roadhouse"; and Exhibit D is the
7 record of registration for Defendants' derivative 2024 film, "Road House."

8      Rule 201 of the Federal Rules of Evidence provides that a court "must take
9 judicial notice if a party requests it and the court is supplied with the necessary
10 information" of an adjudicative fact, where the fact is "not subject to reasonable
11 dispute because it . . . can be accurately and readily determined from sources whose
12 accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2), (c)(2); *see also*
13 *Eliott*, 639 F. Supp. 3d at 1021.

14      The printouts of records (Exs. C-D) obtained directly from the U.S. Copyright
15 Office's Official Public Catalog are clearly subject to judicial notice. "Courts
16 routinely take judicial notice of public records… includ[ing] printouts of records
17 from the Copyright Office's webpage." *Payne v. Manilow*, 2018 WL 6321638, at *4-
18 5 (C.D. Cal. Oct. 29, 2018) (granting request for judicial notice on motion to dismiss
19 as to "printouts of public records such as copyright registrations, assignments, and a
20 notice of termination that were taken from the U.S. Copyright Office online portal")
21 (citing *TPAC, Inc. v. Aptitude Solutions, Inc.,* 2010 WL 1779901, at *3 (E.D. Cal.
22 Apr. 29, 2010) (taking judicial notice of a copy of the Copyright Office's webpage
23 "because the record is generated by an official government website such that its
24 accuracy is not reasonably in dispute")).

25                                  \* \* \*

26      For the foregoing reasons, the Court should take judicial notice of the
27 materials attached to the Toberoff Declaration as Exhibits B-D.

28

Dated: July 5, 2024

Respectfully submitted,

**TOBEROFF & ASSOCIATES, P.C.**

By: _/s/ Marc Toberoff_
       Marc Toberoff

*Attorneys for Plaintiff / Counterclaim-Defendants*