SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
WOOK HWANG (*pro hac vice*)
whwang@sheppard.com
ANGELICA H. NGUYEN (*pro hac vice*)
anguyen@sheppard.com
30 Rockefeller Plaza
New York, New York 10112-0015
Telephone:   212.653.8700
Facsimile:   212.653.8701

DYLAN J. PRICE, Cal. Bar No. 258896
dprice@sheppard.com
PAUL A. BOST, Cal. Bar No. 261531
pbost@sheppard.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6017
Telephone:   310.228.3700
Facsimile:   310.228.3701

Attorneys for Defendants and Counterclaimants
METRO-GOLDWYN-MAYER STUDIOS INC.,
AMAZON STUDIOS LLC & UNITED ARTISTS
PICTURES INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| R. LANCE HILL, an individual,<br><br>Plaintiff,<br><br>v.<br><br>METRO-GOLDWYN-MAYER STUDIOS INC., a Delaware corporation; AMAZON STUDIOS LLC, a California limited liability company; UNITED ARTISTS PICTURES INC., a Delaware corporation; and DOES 1-10,<br><br>Defendants.<br>METRO-GOLDWYN-MAYER STUDIOS INC., a Delaware | Case No. 2:24-cv-01587-HDV-SSC<br><br>*Assigned to: Hon. Hernan D. Vera*<br><br>**PARTIES' STIPULATION TO: BIFURCATE THE ACTION INTO LIABILITY AND DAMAGES PHASES**<br><br>Discovery Cutoff: May 27, 2026<br>Pre-Trial Conf.:   October 27, 2026<br>Trial Date:         November 17, 2026 |

SMRH:4911-7796-6506

corporation; AMAZON STUDIOS LLC, a California limited liability company; UNITED ARTISTS PICTURES INC., a Delaware corporation,

        Counterclaimants,

    v.

R. LANCE HILL, an individual; and LADY AMOS LITERARY WORKS LTD., a Canadian corporation,

        Counterclaim Defendant and Third-Party Counterclaim Defendant.

## STIPULATION RE: BIFURCATION

Plaintiff and Counterclaim Defendant R. Lance Hill and Third-Party Counterclaim Defendant Lady Amos Literary Works Ltd. (collectively, the "Hill Parties"), on the one hand, and Defendants and Counterclaimants Metro-Goldwyn-Mayer Studios Inc., Amazon Studios LLC, and United Artists Pictures Inc. (collectively, the "Studio Parties"), on the other hand, by and through their counsel of record, hereby stipulate to bifurcate the action into liability and damages phases. Specifically, the parties stipulate as follow, subject to the Court's leave:

1.    The first phase (the "Liability Phase") will be limited to discovery and trial on liability issues on the parties' claims and defenses, as well as discovery sufficient to establish the existence of damages as an element of the Studio Parties' counterclaim for breach of contract that are "clearly ascertainable in both their nature and origin." Cal. Civ. C. § 3301. The extant deadlines set forth in the Order Granting the Parties' Second Stipulation to Continue Deadlines (Dkt. 58) will operate as the deadlines governing the Liability Phase, subject to any continuation of the deadlines, including, if granted, those sought in the Studio Parties' forthcoming motion to continue.

2.    The second phase (the "Damages Phase") will be open to discovery and trial on any damages issues on each of the parties' claims and counterclaims that remain depending on the outcome of the Liability Phase. The deadlines governing the Damages Phase will be set by stipulation of the parties, subject to the Court's approval, at the conclusion of the Liability Phase.

The parties jointly submit that bifurcating the action into the Liability and Damages Phases in this manner is warranted given (1) the threshold issues of liability centering on Hill's claim of copyright authorship and ownership, and (2) the complexity of the damages case. *See Wixen Music Publ'g, Inc. v. Triller, Inc.*, No.

SMRH:4911-7796-6506

-1-

2:20-cv-10515-JVS-AFMx, 2021 WL 4816627, at *3 (C.D. Cal. Aug. 11, 2021) ("Courts frequently bifurcate trademark or copyright infringement cases when liability is a threshold issue;" collecting cases); *Bassil v. Webster*, No.: 2:20-cv-05099-SB (PDx), 2021 WL 1235258, at *2 (C.D. Cal. Jan. 15, 2021) ("Given the potential complexities and attendant costs of damages discovery, this factor also weighs in favor of bifurcation").

Here, the parties agree that bifurcation may aid in the swifter resolution of this action given that core issues in the case center on Hill's claim of authorship of the 1986 *Road House* screenplay (*see* Dkt. 1 at ¶¶ 72-75; Dkt. 22 at ¶¶ 49-54), a binary issue (though one involving several legal and factual issues). Resolving liability first, could moot the need for damages discovery or a damages trial.

The parties further agree that bifurcation is warranted given the unusual damages posture of this action relative to many other copyright actions. Here, not only does Plaintiff seek damages for copyright infringement, but Defendants seek damages on their alternative breach of contract counterclaim.

In addition to the numerous disputes that have arisen and been presented to Mag. Judge Christensen regarding liability discovery (*see, e.g.*, Dkt. 63, 66, 74, 75, 78, 84, 91)[1], the parties anticipate that there will be several disputes concerning damages discovery, as well, that will need to be raised and require additional time to resolve. The parties thus agree that bifurcation is the more expeditious way to proceed.

Courts frequently grant bifurcation under similar circumstances. *See, e.g., Zahedi v. Miramax, LLC*, No. CV 20-4512-DMG (Ex), 2021 WL 3260603, at *2 (C.D. Cal. Mar. 24, 2021) (ordering bifurcation where the issue of ownership would be dispositive of liability; "[t]he distinct questions of ownership ... rely on witnesses

---

[1] The parties agree that fact discovery on liability requires a continuance but disagree as to the length. The parties are submitting briefing on that issue on an expedited basis per their concurrently filed stipulation, subject to the court's leave.

and sources of proof different from those relating to damages"); *Wixen*, 2021 WL 4816627, at *3 (quoting *Bassil*, 2021 WL 1235258, at *2) ("The Court also agrees with Wixen that this issue is distinct from the issue of damages.  '[T]he question of damages is likely to include analysis of revenue, expenses, and profits.'"); *Yonay v. Paramount Pictures Corp.*, No. CV 22-3846 PA (GJSx), 2023 U.S. Dist. LEXIS 3817, at *4 (C.D. Cal. Jan. 6, 2023) ("Here, bifurcation of discovery into a liability phase and damages phase would promote convenience, efficiency, and judicial economy.  Additionally, the damages and liability issues can reasonably be severed so as to potentially benefit all parties"); *Sound & Color, LLC v. Smith*, No. 2:22-cv-01508-WLH-AS, 2025 U.S. Dist. LEXIS 172814, at *67 (C.D. Cal. Sept. 4, 2025) ("The Court is convinced that there is little - if any - overlap between the legal and factual issues relating to liability and damages in this case.  This is often the case with copyright infringement cases."); *Barkley & Assocs. v. Quizlet, Inc.*, No. 2:24-cv-05964-WLH-E, 2025 WL 2014312, at *1 (C.D. Cal. June 20, 2025) (*citing Drennan v. Maryland Cas. Co.*, 366 F. Supp. 2d 1002, 1008 (D. Nev. 2005)) ("[B]ifurcation is still appropriate when it avoids unnecessary expert discovery and production of sensitive business records").

As in these and other cases, the parties jointly submit that bifurcation would advance efficiency and economy for all parties and the Court, and respectfully request that the action be bifurcated in the manner agreed to by the parties.

Respectfully submitted,

SMRH:4911-7796-6506

-3-

Dated:  May 12, 2026

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By        */s/ Wook Hwang*
WOOK HWANG
Attorneys for
METRO-GOLDWYN-MAYER STUDIOS
INC.; AMAZON STUDIOS LLC; UNITED
ARTISTS PICTURES INC.

TOBEROFF & ASSOCIATES, P.C

By        */s/ Darrell R. Atkinson*
DARRELL R. ATKINSON
Attorneys for
R. LANCE HILL; LADY AMOS LITERARY
WORKS, LTD.

## SIGNATURE AUTHORIZATION ATTESTATION

I, Wook Hwang, attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

Dated: May 12, 2026                    */s/ Wook Hwang*
                                       Wook Hwang

SMRH:4911-7796-6506                    -4-