UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-01587-HDV-SSC          Date: May 26, 2026

Title   R. Lance Hill v. Metro Goldwyn Mayer Studios Inc., et al.

Present: The Honorable Stephanie S. Christensen, U.S. Magistrate Judge

|   Teagan Snyder   |   n/a   |
|:---:|:---:|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|:---:|:---:|
| None Present | None Present |

**Proceedings:**   (IN CHAMBERS) **Order GRANTING Metro-Goldwyn-Mayer Studios Inc.'s Motion to Compel (ECF 74); GRANTING IN PART and DENYING IN PART R. Lance Hill and Lady Amos Literary Works, Ltd.'s Motion to Compel (ECF 75); and GRANTING IN PART the Studio Parties' *Ex Parte* Application to Compel Responses from Nonparty Doug Liman (ECF 84)**

This suit primarily concerns a dispute about the true copyright owner of the 1986 screenplay *Roadhouse*. In 1989, after acquiring the rights to the screenplay, a studio made the popular film *Road House* starring Patrick Swayze. A 2024 film of the same name starring Jake Gyllenhaal is the allegedly infringing work. The writer sues asserting that he had terminated the copyright authorization in the screenplay some two months before the film was completed, and the makers defend and countersue contending, among other defenses, that they still

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-01587-HDV-SSC                    Date: May 26, 2026

Title      R. Lance Hill v. Metro Goldwyn Mayer Studios Inc., et al.

possessed the copyright and that any attempted termination was fraudulent.  Importantly for the below discovery disputes, a secondary concern of the suit is whether the 2024 film actually infringed any copyright purportedly held by the writer.

Before the Court are two motions to compel.  Because Metro-Goldwyn-Mayer Studio Inc.'s disputed discovery requests seek communications and documents from R. Lance Hill and Lady Amos Literary Works, Ltd., relevant to its counterclaims in this action, the Court grants its motion to compel.  The Court grants Hill and Lady Amos Literary Works, Ltd.'s motion to compel in part, and only with respect to the requests for Metro-Goldwyn-Mayer Studios Inc., Amazon Studios LLC, and United Artists Pictures Inc. to produce documents regarding the story and screenplay development and certain communications with writers and the director of the 2024 film *Road House.*

Also before the Court is an *ex parte* application related to a third motion to compel production by a nonparty.  The Court grants Metro-Goldwyn-Mayer Studios Inc., Amazon Studios LLC, and United Artists Pictures Inc.'s *ex parte* application to compel nonparty Doug Liman to produce all nonprivileged documents that he previously agreed to produce but denies without prejudice their request for *in camera* review of privileged documents.

**I**

Plaintiff R. Lance Hill (Hill) is the writer of the 1986 screenplay *Roadhouse.*  It is undisputed that United Artists Pictures Inc. (United Artists) acquired the rights to the 1986 screenplay from Hill's company Lady Amos Literary Works, Ltd. (Lady Amos) and thereafter made the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-01587-HDV-SSC              Date: May 26, 2026

Title      R. Lance Hill v. Metro Goldwyn Mayer Studios Inc., et al.

1989 film.  (ECF 1 at 2; ECF 22 at 3.)  Hill refers to the 2024 film as a
"remake."  (ECF 1 at 3.)  Hill brings claims for declaratory relief and
copyright infringement against Defendants Metro-Goldwyn-Mayer
Studios Inc. (MGM), Amazon Studios LLC (Amazon), and United
Artists (collectively, the Studio Parties).  (ECF 1.)

Hill alleges that although he transferred his copyright to United
Artists in 1986, he "availed himself of his right under the Copyright Act
to recover the copyright to his Screenplay by timely serving United
Artists' successors with a statutory notice of termination of Hill's 1986
copyright grant, under 17 U.S.C. § 203(a), bearing an effective
termination date of November 11, 2023, and by filing the notice of
termination with the U.S. Copyright Office."  (*Id.* at 2–3.)  Hill alleges
that despite his statutory termination, the Studio Parties "steamrolled
ahead" with the "remake" which was not completed until January 2024,
some two months after the termination.  (*Id.* at 3.)  Hill is represented
in this litigation by Marc Toberoff (Toberoff), among others, of the firm
Toberoff and Associates, P.C.  (*Id.* at 1.)  The complaint makes clear
that Lady Amos is Hill's "wholly owned loan-out entity[.]"  (*Id.* at 7.)

The Studio Parties bring counterclaims against Hill and Counter-
Defendant Lady Amos (collectively, the Hill Parties) for breach of
contract or, in the alternative, declaratory relief as to the invalidity of
Hill's copyright registration based on fraud.  (ECF 22 at 28–30.)  They
allege that "[i]n 1986, Hill personally acknowledged, represented,
warranted—and indeed, contractually *guaranteed*—that the 1986
screenplay entitled *Roadhouse* was created as a work made for hire for
his own company, [Lady Amos], and that Lady Amos—*not* Hill—was
therefore its author within the meaning of the U.S. Copyright Act."  (*Id.*
at 3.)  Relatedly, while they dispute that Hill is the "author" of the
screenplay for purposes of the Copyright Act, they admit that he wrote

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-01587-HDV-SSC              Date: May 26, 2026

Title      R. Lance Hill v. Metro Goldwyn Mayer Studios Inc., et al.

it.  (*Id.* at 7.)  They acknowledge that Hill, through Toberoff, sent a termination notice to United Artists and MGM in November 2021 with a putative effective date of November 11, 2023.  (*Id.* at 8.)  However, in their view, Hill's attempt to terminate the grant by Lady Amos was "invalid" because, as they had explained in a responsive letter sent in December 2021, the 1986 screenplay was written as a work made for hire for Lady Amos.  (*Id.* at 3, 8.)  They allege that Toberoff registered the copyright in the 1986 screenplay on Hill's behalf in January 2024 "based on false information submitted to the U.S. Copyright Office." (*Id.* at 13.)  They allege further that Toberoff has run this "scheme" before "to extract self-serving producer deals and other entitlements in numerous works for which he has served notices of copyright termination, ostensibly on his clients' behalf."  (*Id.* at 19.)  Third-party discovery is sought from Toberoff.  (ECF 84-2 at 7.)

As to completion of the 2024 film, the Studio Parties "admit that final post-production work on the 2024 Film unrelated to the 1986 Screenplay was completed in or around January 2024" and "further aver that principal photography on the 2024 Film was completed before the purported 'effective date' of Plaintiff's invalid notice of termination." (ECF 22 at 10.)  This timing is relevant to a discovery dispute.

As mentioned above, although the main dispute appears to be about who holds a valid copyright to the 1986 screenplay, the Studio Parties do not admit similarities between the 1986 screenplay and the 2024 film.  (*Id.* at 10–11.)

Before the Court are two motions to compel between the parties, one filed by MGM against the Hill Parties (ECF 74), and the other filed by the Hill Parties against the Studio Parties (ECF 75).  The parties filed joint stipulations concerning both motions as required by the Local

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-01587-HDV-SSC            Date: May 26, 2026

Title        R. Lance Hill v. Metro Goldwyn Mayer Studios Inc., et al.

Rules.  (ECF 74-1; ECF 75-1.)  The Hill Parties filed two supplemental memoranda, the first in support of their motion to compel (ECF 79) and the other opposing MGM's motion (ECF 80), and MGM filed a supplemental memorandum in support of its motion to compel (ECF 81).  The Court held a hearing on both motions to compel on May 5, 2026.[1]  (ECF 87; ECF 101.)

Also before the Court is an *ex parte* application filed by the Studio Parties for relief from Local Rule 37 and for an expedited hearing on their concurrently filed motion to compel production of documents from nonparty Doug Liman, the director of the 2024 film.  (ECF 84.)  Liman filed an opposition (ECF 88), as did the Hill Parties.  (ECF 89.)  The Court finds no hearing on the *ex parte* application necessary for its resolution.[2]  Fed. R. Civ. P. 78(b); L.R. 7-15.

**II**

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.  Fed. R. Civ. P. 26(b)(1).  Rule 401 of the Federal Rules of Evidence provides that evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it

---

[1] The parties previously addressed these discovery disputes before the Court at informal discovery conferences held on March 11 and March 26, 2026.  (ECF 62; ECF 65; ECF 69.)

[2] Liman opposes "solely on the grounds that the Studio Parties have not set forth sufficient grounds to request an *in camera* review of documents withheld by Mr. Liman on the basis of attorney-client or common interest privilege."  (ECF 88 at 2.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:24-cv-01587-HDV-SSC                Date: May 26, 2026

Title        R. Lance Hill v. Metro Goldwyn Mayer Studios Inc., et al.

would be without the evidence; and (b) the fact is of consequence in determining the action."  Fed. R. Evid. 401.

Rule 26(b)(1) also requires that the discovery be proportional to the needs of the case.  Fed. R. Civ. P. 26(b)(1).  Proportionality is determined by "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  *Id.*  The moving party has the initial burden of establishing that the discovery seeks relevant information.  *Alves v. Riverside County*, 339 F.R.D. 556, 559 (C.D. Cal. 2021).  If the moving party satisfies this burden, the burden shifts to the opponent to explain noncompliance.  *Id.*

Rule 26(b) further provides that, "the court must limit the frequency or extent of discovery otherwise allowed . . . if it determines that . . . the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive[.]"  Fed. R. Civ. P. 26(b)(2)(C)(i).

Under Rule 37 of the Federal Rules of Civil Procedure, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection."  Fed. R. Civ. P. 37(a)(3)(B).  Such a motion may be made where "a party fails to produce documents . . . as requested under Rule 34."  *Id.*  "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."  Fed. R. Civ. P. 37(a)(4).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-01587-HDV-SSC                    Date: May 26, 2026

Title      R. Lance Hill v. Metro Goldwyn Mayer Studios Inc., et al.

## III

The Court grants MGM's motion to compel the Hill Parties to produce: (1) third-party communications concerning the 1986 screenplay, Hill's claim of authorship, and/or the 2024 film; (2) documents concerning financial interests in the 1986 screenplay; and (3) Lady Amos's financial and banking records.  (ECF 74-1.)  The Court addresses each category in turn.

## A

With respect to the third-party communications, Request for Production (RFP) No. 15 requests from Hill and Lady Amos "All DOCUMENTS and COMMUNICATIONS concerning the 2024 FILM"[3]; RFP No. 33 requests from Hill "All COMMUNICATIONS that HILL and/or TOBEROFF have exchanged with any PERSON, including, without limitation, the Writers Guild of America, the U.S. Copyright

---

[3] MGM served separate sets of document requests on Hill and Lady Amos; however, because the numbers for these RFPs are the same and the requests are identical, the Court refers to the RFPs collectively. (ECF 74-1 at 7 & n.2.)

[3] Hill and Lady Amos both separately represented that: "Subject to, and without waiving, these specific objections and the General Objections, to the extent MGM believes there are additional relevant non-privileged documents that are not covered by [Hill's and Lady Amos's] responses to other RFPs contained herein (i.e., relevant non-privileged documents that are responsive only to this RFP), [Hill and Lady Amos] ask[] that MGM identify such documents and [Hill and Lady Amos] will then make himself available to meet and confer." (ECF 74-1 at 16.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-01587-HDV-SSC          Date: May 26, 2026

Title      R. Lance Hill v. Metro Goldwyn Mayer Studios Inc., et al.

Office, Joel Silver, Doug Liman and/or Ariel Emanuel, concerning the 1986 SCREENPLAY, HILL's claim of authorship thereto and/or the 2024 FILM"[4]; and RFP 41 requests from Lady Amos "All COMMUNICATIONS that LADY AMOS and/or TOBEROFF have exchanged with any PERSON, including, without limitation, the Writers Guild of America, the U.S. Copyright Office, Joel Silver, Doug Liman and/or Ariel Emanuel, concerning the 1986 SCREENPLAY, HILL's claim of authorship thereto and/or the 2024 FILM."[5]  (*Id.* at 12–16.)  The Hill Parties have not produced any such communications.  (*Id.* at 7.)

---

[4] Hill represented that: "Subject to, and without waiving, the General Objections and these specific objections, Plaintiff will conduct a reasonably diligent search of documents within Plaintiffs' possession, custody, or control and will produce all non-privileged, responsive documents, consistent with its reasonable understanding of this RFP, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement."  (ECF 74-1 at 13.) However, MGM asserts that Hill has not produced any such documents. (*Id.* at 7.)

[5] Lady Amos represented that: "Subject to, and without waiving, the General Objections and these specific objections, Lady Amos will conduct a reasonably diligent search of documents within Lady Amos' possession, custody, or control and will produce all non-privileged, responsive documents, consistent with its reasonable understanding of this RFP, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement."  (ECF 74-1 at 15.)  However, MGM asserts that Lady Amos has not produced any such communications.  (*Id.* at 7.)

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-01587-HDV-SSC            Date: May 26, 2026

Title      R. Lance Hill v. Metro Goldwyn Mayer Studios Inc., et al.

MGM argues that the documents sought by these requests are relevant to Hill's disputed claim of copyright, which "is the sole basis for his claim to owning the 1986 Screenplay he alleges has been infringed by the 2024 Film."[6]  (*Id.* at 17.)

The Hill Parties respond that Hill has agreed to search for and produce (or log) responsive communications between Hill and third parties concerning the screenplay, Hill's claim of authorship, and the 2024 film that are within Hill's possession, custody, or control.  (*Id.* at 19–20.)  Given this agreement, the Hill Parties view the possible issues as being limited to privilege, control, and relevance.  (*Id.* at 20.)

As to privilege, the Hill Parties argue that this issue is not within the scope of what was authorized by the Court to brief in the motion to compel.  (*Id.*)  MGM argues, and the Court agrees, that the Hill Parties' and Toberoff's communications with third parties not represented by Toberoff are not protected by the attorney-client privilege.  (*Id.* at 18.)  MGM requests that the Hill Parties should be compelled to provide a privilege log and to submit all logged documents to the Court for *in camera* review.  (*Id.* at 19.)

As to control, the Hill Parties contend that "communications that are not within [Hill's] counsel's possession owing to the attorney-client relationship are not within [Hill's] control and thus outside the reach of Defendants' RFPs."  (*Id.* at 20.)  The Hill Parties argue that it is MGM's burden to prove that Hill has legal control over the documents and that

---

[6] MGM also contends that Toberoff has obstructed nonparty production of these same materials.  (ECF 74-1 at 17.)  This is the subject of the Studio Parties' *ex parte* application (ECF 84), which the Court addresses later in this order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:24-cv-01587-HDV-SSC            Date: May 26, 2026

Title        R. Lance Hill v. Metro Goldwyn Mayer Studios Inc., et al.

MGM has not met its burden. (*Id.* at 22–23 (citing *Better Care Plastic Tech. Co., Ltd. v. Gredale, LLC*, No. 5:21-cv-216-JWH (SP), 2022 WL 2046206, at \*9 (C.D. Cal. Mar. 4. 2022)).) MGM argues that documents within a party's control include those "reasonably available to [the party] from its employees, agents, or others subject to its control." (*Id.* at 17–18 (citing *Mosaic Brands, Inc v. Ridge Wallet LLC*, No. 2:20-cv-04556-AB-JC, 2020 WL 12048883, at \*3 (C.D. Cal. Nov. 2, 2020)).) MGM, in its supplement, cites to *Gorrell v. Sneath*, 292 F.R.D. 629, 632 (E.D. Cal. 2013), which explains that "[a] party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document" and that "[s]uch documents include documents under the control of the party's attorney." (ECF 81 at 4.) The Hill Parties, in their supplement, further argue that documents within an attorney's possession are only within a client's control if the attorney possesses them as a result of the attorney-client relationship. (ECF 80 at 7 (citing *In re Terrorist Attacks on Sept. 11, 2001*, 293 F.R.D. 539, 547 (S.D.N.Y. 2013)).)

As to relevance, the Hill Parties argue that the retainer agreement with counsel and other documents pertaining to the financial interest of third parties in the screenplay or this action are not relevant, "especially so where the documents post-date the alleged fraud on the Copyright Office." (*Id.* at 11, 23–27.) The Court agrees with MGM that the retainer agreement is relevant and not privileged under federal law. *See Stanley v. Bayer Healthcare LLC*, No. 11cv862-IEG (BLM), 2011 WL 5569761, at \*4 (S.D. Cal. Nov. 16, 2011) ("The Ninth Circuit has repeatedly held retainer agreements are not protected by the attorney-client privilege or work product doctrine."); *see also Zuehlsdorf v. FCA US LLC*, No. EDCV 18-1877 JGB (KKx), 2021 WL 968962 at \*3 (C.D.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-01587-HDV-SSC          Date: May 26, 2026

Title     R. Lance Hill v. Metro Goldwyn Mayer Studios Inc., et al.

Cal. Jan. 27, 2021).  The Court also disagrees with Plaintiff's argument that post-January 2024 third-party financial interest documents would not be relevant.  *Wang v. Zymergen Inc.*, cited by the Hill Parties, is inapposite because it deals with the crime-fraud exception to privileged communications.  *See* No. 21-cv-06028-PCP (SVK), 2025 WL 2978393, at *4 (N.D. Cal. Oct. 22, 2025).

The Court finds that the requests for the third-party communications concerning the 1986 screenplay, Hill's claim of authorship, and/or the 2024 film described in RFP Nos. 15, 33, and 41 are narrowly tailored and relevant to whether Hill has a copyright claim.  Accordingly, the Hill Parties must produce any nonprivileged communications responsive to RFP Nos. 15, 33, and 41.  The Hill Parties must produce documents in Toberoff's possession to the extent such documents are the result of their attorney-client relationship.  The Court orders the Hill Parties to provide a privilege log but denies without prejudice MGM's request to order the Hill Parties to submit logged documents to the Court for *in camera* review.[7]  Should issues arise as to specific entries, MGM may raise the issue(s) with the Court at that time.

**B**

With respect to documents concerning financial interests in the 1986 screenplay, RFP No. 16 requests from both Hill and Lady Amos "All DOCUMENTS and COMMUNICATIONS concerning or reflecting any financial interest in the 1986 SCREENPLAY and/or any rights

---

[7] As discussed below, the Court makes a similar ruling regarding the Studio Parties' *ex parte* application to compel production from third-party Doug Liman.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-01587-HDV-SSC          Date: May 26, 2026

Title      R. Lance Hill v. Metro Goldwyn Mayer Studios Inc., et al.

therein held by any other PERSON, including, without limitation, TOBEROFF."[8]  (ECF 74-1 at 28, 29.)

According to MGM, "[t]he Hill Parties have produced Hill's agreement with Liman only, to the exclusion of (i) the engagement agreements with Toberoff that Hill voluntarily shared with Mr. Liman; (ii) any other responsive agreements that may exist; and (iii) any communications with any third parties, including Mr. Liman."  (*Id.* at 30.)

MGM argues that documents and communications concerning the financial interests of potential nonparty witnesses are not privileged, and are relevant to the Studio Parties' counterclaim for copyright fraud because such documents and communications "bear on Toberoff's financial motivations in submitting what the Studio Parties allege was a fraudulent copyright application to the U.S. Copyright Office in which Toberoff attested to Hill's copyright authorship, as well as on the credibility of potential witnesses in this action."  (*Id.* at 8, 30–33.)

The Hill Parties argue that the requested documents concerning financial interests in the 1986 screenplay are not relevant for the same reasons as the above third-party communications.  (*Id.* at 33.)  As to privilege issues, the Hill Parties dispute that Hill waived any privilege objections by not stating a privilege objection in his objections to RFP No. 16 and that any privilege objections as to the retainer agreement were waived by disclosing those documents to Liman because Liman

---

[8] MGM served separate sets of document requests on Hill and Lady Amos; however, because the numbers for these RFPs are the same and the requests are identical, the Court refers to the RFPs collectively. (ECF 74-1 at 7.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-01587-HDV-SSC          Date: May 26, 2026

Title      R. Lance Hill v. Metro Goldwyn Mayer Studios Inc., et al.

shares a common interest privilege arising out of Liman consulting with Toberoff on Amazon's decision not to release the 2024 film through theaters and on issues pertaining to artificial intelligence.  (*Id.* at 33–34.)

The Court finds that the requests for the documents described in RFP No. 16 are narrowly tailored and relevant to the Studio Parties' counterclaim and the credibility of potential witnesses.  As explained above, the retainer agreement is not privileged, and post-January 2024 third-party financial interest documents are relevant.  Accordingly, the Hill Parties must produce any nonprivileged communications responsive to RFP No 16.  The Court orders the Hill Parties to provide a privilege log but denies without prejudice MGM's request to order them to submit logged documents to the Court for *in camera* review.  As above, MGM may raise any issues that arise after production of the log.

**C**

With respect to Lady Amos's financial and banking records, RFP No. 18 requests from Lady Amos "All DOCUMENTS constituting or reflecting Lady Amos's financial records from its formation through the present, including, without limitation, any and all audited or unaudited balance sheets, income statements, profit and loss statements and cash flow statements"; and RFP No. 19 requests from Lady Amos "All DOCUMENTS constituting or reflecting Lady Amos's banking records from its formation through the present, including, without limitation, any and all bank statements, applications, and records reflecting deposits, withdrawals and/or transfers."  (*Id.* at 34, 35.)

MGM argues that the requested financial and banking records from Lady Amos are relevant because Hill claims that Lady Amos was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-01587-HDV-SSC                    Date: May 26, 2026

Title       R. Lance Hill v. Metro Goldwyn Mayer Studios Inc., et al.

merely Hill's "alter ego." (*Id.* 9, 36–38.)  MGM explains that "'people cannot use a corporate structure for some purposes—*e.g.* taking advantage of tax benefits—and then disavow it for others' in an attempt to claim a termination right." (*Id.* at 37 (quoting *Waite v. UMG Recordings, Inc.*, 450 F. Supp. 3d 430, 441–42 (S.D.N.Y. 2020)).)

Hill argues that he should not be required to obtain the sought records from third-party financial institutions because the Studio Parties have not explained how such institutions are within Hill's legal control. (*Id.* at 39.)

The Court agrees with MGM.  Indeed, Hill's complaint alleges that "Hill was Lady Amos' sole owner, and the entity did not have any actual employees, and had no separate operations from that of Hill" and that "[at] all times relevant, Hill exercised complete control of Lady Amos, which merely served as Hill's alter ego for doing business." (ECF 1 at 9–10.)

Lady Amos represented that it is willing to meet and confer with MGM regarding the scope and relevance of RFP No. 18 in an effort to clarify and narrow it. (ECF 74-1 at 35.)  The Studio Parties have agreed to limit the applicable timeframe from Lady Amos's inception in 1976 through 2000. (*Id.* at 37–38.)

The Court finds that the requested financial and banking records from Lady Amos, as limited to the timeframe between 1976 and 2000, are relevant and sufficiently narrowly tailored.  Accordingly, Lady Amos must produce any documents responsive to RFP Nos. 18 and 19.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:24-cv-01587-HDV-SSC          Date: May 26, 2026

Title      R. Lance Hill v. Metro Goldwyn Mayer Studios Inc., et al.

***

MGM seeks attorney's fees incurred in making the motion to compel.  (ECF 74-1 at 40.)  When a discovery motion is granted, Rule 37(a)(5) of the Federal Rules of Civil Procedure provides that the court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  Fed. R. Civ. P. 37(a)(5)(A).  "But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."  *Id.*

The Hill Parties oppose MGM's request for attorney's fees and argue that their positions were substantially justified and that MGM filed the motion without engaging in the meet-and-confer process as to the control issues in good faith.  (ECF 74-1 at 41–42.)

The Court agrees that the Hill Parties' position was substantially justified and denies MGM's request for attorney's fees.  The parties shall pay their own fees in relation to this motion to compel.

## IV

The Hill Parties moved to compel the Studio Parties to produce: (1) documents concerning the development of the stories and screenplays for the films, as well as certain communications with film writers or the 2024 film director and the Studio Parties; (2) documents concerning the Studio Parties' description or characterization

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-01587-HDV-SSC                    Date: May 26, 2026

Title      R. Lance Hill v. Metro Goldwyn Mayer Studios Inc., et al.

documents of the screenplay, 1989 film, or the 2024 film; and (3) documents relating to the use of artificial intelligence use in the 2024 film's postproduction.  (ECF 75-1.)  The Court grants in part the Hill Parties' motion to compel, and only as to the first category, and addresses each category in turn below.

**A**

With respect to the first category—documents concerning the development of the stories and screenplays for the films, as well as certain communications with film writers or the 2024 film director and the Studio Parties[9]—the Hill Parties argue that the requested

---

[9] This category includes RFP Nos. 11 through 15 and 32 through 33.  (ECF 75-1 at 11–16.)  RFP No. 11 requests "All Documents, Including Communications, Concerning the development of the story and screenplay of the 1989 Film"; RFP No. 12 requests "All Documents, Including Communications, Concerning the development of the story and screenplay of the 2024 Remake"; RFP No. 13, as modified during the parties' meet-and-confer efforts, requests: "Documents sufficient to identify all persons, literary works, and/or audiovisual works relied upon in the development of the story or screenplay for the 2024 Remake"; RFP No. 14, as modified during the parties' meet-and-confer efforts, requests "All Communications Concerning persons, literary works, and/or audiovisual works relied upon in the development of the story or screenplay for the 2024 Remake"; RFP No. 15 requests "All drafts, iterations, outlines, treatments, and versions of the 2024 Remake's story and screenplay"; RFP No. 32 requests "All Communications between You and any Writer(s) Concerning the Work, Hill, Lady Amos, and/or the development of the 2024 Remake, Including its story and screenplay"; and RFP No. 33 requests "All

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-01587-HDV-SSC                   Date: May 26, 2026

Title      R. Lance Hill v. Metro Goldwyn Mayer Studios Inc., et al.

documents are relevant because they likely evidence: "(1) the extent to which the Screenplay was copied (infringement); (2) the deliberateness of copying (willfulness); and (3) as to the 2024 Remake, disprove Defendants' defense that the film's creative elements were completed prior to November 11, 2023 (the derivative works exception)." (*Id.* at 17.)  To support their argument that these documents are relevant, the Hill Parties cite *Tolkien Trust v. Polychron*, No. 2:23-cv-04300-SVW-E, 2023 WL 9471264 (C.D. Cal. Dec. 14, 2023).  (*Id.* at 19.)  In *Tolkien Trust*, the district court found that the defendant's "admission that he attempted to keep his book as closely tied to [*The Lord of the Rings*] is direct evidence that he copied [*The Lord of the Rings*]."  2023 WL 9471264, at *6.

The Studio Parties emphasize that they have already agreed to produce "[a]ll written materials for both the 1989 and 2024 Films, including screenplays, treatments, and drafts thereof"; "[a]ll documents and communications referencing anything (including, for example, the 1986 Screenplay, the 1989 Film, Hill and/or Lady Amos) that might show any copying of the 1986 Screenplay in connection with the development of the 2024 Film, including all such communications with the writers and director of the 2024 Film"; and "[d]ocuments showing the dates of completion of the iterations of the 2024 Film that could be relevant to the derivative works exception." (ECF 75-1 at 22.)  The

---

Communications between You and the Director Concerning the Work, Hill, Lady Amos, and/or the development of the 2024 Remake, Including its story and Screenplay." (*Id.*)  Hill served separate sets of document requests on each of the Studio Parties; however, because the numbers for these RFPs are the same and the requests are identical, the parties and the Court refer to the RFPs collectively.  (*Id.* at 8.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-01587-HDV-SSC                    Date: May 26, 2026

Title      R. Lance Hill v. Metro Goldwyn Mayer Studios Inc., et al.

Studio Parties also assert that to produce all the requested documents and communications would be an "enormous burden" which the Hill Parties have not shown is proportional to any marginal relevance the documents and communications may have.  (*Id.* at 23–24.)

The Court agrees with the Hill Parties that the requested documents and communications are relevant to Hill's copyright infringement claim and are sufficiently narrowly tailored to documents concerning the development of the story and screenplay or are limited to communications with specific individuals.  *See Stabile v. Paul Smith Ltd.*, 137 F. Supp. 3d 1173, 1191 (C.D. Cal. 2015) ("Evidence of the manner in which a defendant created its work is 'logically relevant' to determining whether copying occurred." (citing *Granite Music Corp. v. United Artists Corp.*, 532 F.2d 718, 720 (9th Cir. 1976))).  As the Hill Parties point out, the Studio Parties do not quantify the burden they say outweighs the relevance of the requested information.[10]  (*Id.* at 21.)  The Court finds that the Studio Parties do not meet their burden to demonstrate that production would be disproportionately burdensome.  *See Vanguard Logistics v. Robinson*, No. CV 20-9880 JAK (PVCx), 2024 WL 1171654, at *8 (C.D. Cal. Mar. 6, 2024) ("Plaintiffs cannot simply

_____

[10] The Court acknowledges that counsel for the Studio Parties declares that a search for documents among "studio executives" including the terms "road house" or "roadhouse" results in more than 230,000 documents, and that a search for documents including the terms ("road house" or "roadhouse") and ("story" or "screenplay" or "script") results in more than 120,000 documents.  (ECF 75-24 at 3.)  However, this declaration pertains to the second category discussed below with respect to documents concerning the Studio Parties' description or characterization documents of the screenplay, 1989 film, or the 2024 film.  (ECF 75-1 at 43.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-01587-HDV-SSC                    Date: May 26, 2026

Title      R. Lance Hill v. Metro Goldwyn Mayer Studios Inc., et al.

invoke generalized objections without describing, in *specific detail*, how the Discovery Request is overbroad and unduly burdensome by providing a declaration or other evidence of the burden.").

Accordingly, the Studio Parties must produce any nonprivileged documents and communications not yet produced that are responsive to RFP Nos. 11, 12, 13, 14, 15, 32, and 33, as reproduced above to reflect the parties' modifications during the meet-and-confer process.[11]

**B**

In the second category, the Hill Parties seek documents showing the Studio Parties' description or characterization of the screenplay, 1989 film, or the 2024 film.[12]  (ECF 75-1 at 25–32.)

---

[11] The Studio Parties assert that they have agreed to produce all documents responsive to RFP Nos. 32 and 33 and that there is no dispute that they are not withholding any documents responsive to RFP Nos. 15, 32, and 33.  (ECF 75-1 at 23.)

[12] This dispute pertains to RFP Nos. 16 through 31.  (ECF 75-1 at 25–32.)  RFP No. 16 requests "Documents showing Your description or characterization of the themes of the Work"; RFP No. 17 requests "Documents containing Your description or characterization of the themes of the 1989 Film and/or 2024 Remake"; RFP No. 18 requests "Documents containing Your description or characterization of the plot of the Work"; RFP No. 19 requests "Documents containing Your description or characterization of the plot of the 1989 Film and/or 2024 Remake"; RFP No. 20 requests "Documents containing Your description or characterization of any of the Work's characters"; RFP No. 21 requests "Documents showing Your description or characterization of any of the 1989 Film and/or 2024 Remake's characters"; RFP No. 22

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-01587-HDV-SSC                    Date: May 26, 2026

Title       R. Lance Hill v. Metro Goldwyn Mayer Studios Inc., et al.

The Hill Parties again cite *Tolkien Trust* to support their argument that the requested information is relevant.  (*Id.* at 34.)  As *Tolkien Trust* explains, there are "two elements that a plaintiff in a copyright infringement suit must prove: (1) that the plaintiff owns a valid copyright in the work that has allegedly had its copyright infringed, and (2) that the defendant copied protected aspects of the plaintiff's work."  2023 WL 9471264, at *3.  Further, the second element, copying, has two sub-elements: (1) the plaintiff must prove that the defendant actually copied their work; and (2) the plaintiff must show that the works share substantial similarities.  *Id.*  The second sub-

requests "Documents showing Your description or characterization of the setting(s) of the Work"; RFP No. 23 requests "Documents showing Your description or characterization of the setting(s) of the 1989 Film and/or 2024 Remake"; RFP No. 24 requests "Documents showing Your description or characterization of the mood(s) of the Work"; RFP No. 25 requests "Documents showing Your description or characterization of the mood(s) of the 1989 Film and/or 2024 Remake"; RFP No. 26 requests "Documents showing Your description or characterization of the pace of the Work"; RFP No. 27 requests "Documents showing Your description or characterization of the pace of the 1989 Film and/or 2024 Remake"; RFP No. 28 requests "Documents showing Your description or characterization of the dialogue of the Work"; RFP No. 29 requests "Documents showing Your description or characterization of the dialogue of the 1989 Film and/or 2024 Remake"; RFP No. 30 requests "Documents Concerning Your description or characterization of the Work"; and RFP No. 31 requests "Documents Concerning Your description or characterization of the 2024 Remake, Including in Your marketing and/or publicizing of the 2024 Remake."  (*Id.*)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-01587-HDV-SSC              Date: May 26, 2026

Title      R. Lance Hill v. Metro Goldwyn Mayer Studios Inc., et al.

element to copying, substantial similarity, is evaluated using a two-part test. *Id.* The first part of the test is "an objective test based on specific expressive elements: the test focuses on articulable similarities between the plot, theme, dialogue, mood, setting, pace, characters, and sequence of events in [the] two works." *Id.* The second part of the test is "a subjective comparison that focuses on whether an ordinary, reasonable observer would find the works substantially similar in their total concept and feel." *Id.* The Hill Parties argue that the requested information is relevant to both sub-elements of copying, and both tests under the second sub-element, substantial similarity. (ECF 75-1 at 34–36.)

The Studio Parties oppose producing the requested information. The Studio Parties again highlight, as above, the communications and documents that they have already agreed to produce and the relevance of such information to the infringement inquiry. (*Id.* at 22, 39.) The Studio Parties also contend that the documents requested concerning the Studio Parties' description or characterization documents of the screenplay, 1989 film, or the 2024 film are not relevant because their descriptions or characterizations are not relevant to the substantial similarity determination. (*Id.* at 39.) Finally, they assert that these requests impose an "extraordinary burden." (*Id.* at 42–43.)

The Hill Parties propose that, "[i]n the alternative, at a minimum, [the Studio Parties] should have to search for communications among writers, directors, producers, and/or studio executives with respect to Screenplay, 1989 Film, and 2024 Remake theme, plot, character, setting, mood, pace, dialogue characterizations/descriptions." (*Id.* at 38.) The Studio Parties argue that even the Hill Parties' proposal for narrowing this request would be "unworkable." (*Id.* at 43.) Counsel for the Studio Parties declares that a search for documents among "studio

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-01587-HDV-SSC                Date: May 26, 2026

Title      R. Lance Hill v. Metro Goldwyn Mayer Studios Inc., et al.

executives" including the terms "road house" or "roadhouse" results in more than 230,000 documents, and that a search for documents including the terms ("road house" or "roadhouse") and ("story" or "screenplay" or "script") results in more than 120,000 documents.  (ECF 75-24 at 3.)

Relatedly, as an example of information the Hill Parties argue would not be captured in the first category of requests but that they are entitled to, the Hill Parties point to a hypothetical post-production document between a producer and executive in which the producer characterizes the 2024 film as having the same plot points as the 1989 film.[13]  (ECF 75-1 at 38.)  The Court notes that the Studio Parties directly address Plaintiff's hypothetical and disagree that such a document, if it exists, would not be produced because the Studio Parties have agreed to produce all emails referencing the 1986 screenplay or the 1989 film in connection with the creative development of the 2024 film.  (*Id.* at 43 n.12.)

Considering the Court's ruling above ordering the Studio Parties to produce responsive information as to the first category of disputed requests in addition to what the Studio Parties had already agreed to produce, the Court finds that the requests for the Studio Parties' descriptions or characterizations are not proportional to the needs of the case.

As to the first sub-element of copying, the Court is skeptical that such additional information would help Hill prove that the Studio Parties actually copied the work.  This distinguishes the second

---

[13] The Hill Parties made a similar argument again at the May 5, 2026 hearing when asked what would not be captured by the first category of requests.  (ECF 101 at 8–12.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.   2:24-cv-01587-HDV-SSC                   Date: May 26, 2026

Title      R. Lance Hill v. Metro Goldwyn Mayer Studios Inc., et al.


category of disputed requests from the first category.  Information about
the story and screenplay development for the two films and
communications with writers and the director of the 2024 film about
Hill, his 1986 screenplay, Lady Amos, or the development of the 2024
film is relevant to whether the Studio Parties actually copied Hill's
work because it is evidence of the manner in which the Studio Parties
developed the 2024 film.  *See Stabile*, 137 F. Supp. 3d at 1191.  By
contrast, the second category of disputed requests are significantly
broader: they seek all documents containing any descriptions or
characterizations of the themes, plot, characters, setting, mood, pace, or
dialogue of Hill's 1986 screenplay or either of the two films.

As to the second sub-element of copying, substantial similarity,
the Court agrees with the Studio Parties that their own descriptions or
characterizations are not the focus of the test.  Although the first part of
the test "focuses on articulable similarities between the plot, theme,
dialogue, mood, setting, pace, characters, and sequence of events in
[the] two works[,]" the test is an *objective* one.  *See Tolkien Trust*, 2023
WL 9471264, at *3.  Nor do the Studio Parties' own descriptions and
characterizations seem to pertain to the second part of the test, which
focuses on whether an ordinary, reasonable observer (as opposed to the
Studio Parties themselves) would find the works substantially similar.
*See Carroll Shelby Licensing, Inc. v. Halicki*, 643 F. Supp. 3d 1048, 1054
(C.D. Cal. 2022) ("[I]n copyright infringement cases the works
themselves supersede and control contrary descriptions of them."
(quoting *Walker v. Time Life Films, Inc.*, 784 F.2d 44, 52 (2d Cir.
1986))), *aff'd*, 138 F.4th 1178 (9th Cir. 2025).

Even if the Court accepted the Hill Parties' arguments that the
discovery is somehow relevant to actual copying or substantial
similarity, it concludes that the Hill Parties have not shown that they

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-01587-HDV-SSC          Date: May 26, 2026

Title      R. Lance Hill v. Metro Goldwyn Mayer Studios Inc., et al.

are entitled to additional discovery beyond that which it ordered above. One of the enumerated proportionality factors in Rule 26(b) is "the importance of the discovery in resolving the issues[.]" Fed. R. Civ. P. 26(b). The Studio Parties' description or characterization, beyond what has been or will be captured by other discovery requests, is of limited importance in resolving the issues of whether the Studio Parties actually copied the work or whether the works are substantially similar. The court finds that the discovery requests in this category are overbroad and disproportionate to the needs of the case, and the Hill Parties' proposal for narrowing this request fails to address these concerns.

Accordingly, the Court DENIES the Hill Parties' motion to compel as to RFP Nos. 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, and 31.

**C**

With respect to the third category related to artificial intelligence use, RFP No. 58, as modified by the Hill Parties and as read into the record by the Hill Parties during the hearing,[14] requests "AI documents with respect to any postproduction use of: (1) voice generative AI for Automatic Dialogue Replacement; and (2) image generative AI for visual effects." (ECF 75-1 at 49.)

The Hill Parties argue that, given when the 2024 film was released, it would have been in postproduction in November 2023 (when

---

[14] RFP No. 58, as modified previously by the parties and as reflected in the parties' joint stipulation, requested: "Documents sufficient to evidence why and when artificial intelligence was used in post-production of the 2024 Remake." (ECF 75-1 at 44.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-01587-HDV-SSC                    Date: May 26, 2026

Title         R. Lance Hill v. Metro Goldwyn Mayer Studios Inc., et al.

he allegedly terminated the copyright), so postproduction documents are relevant to the derivative-works exception.  (*Id.* at 44.)  The Hill Parties suggest that the use of such AI technologies would be "an extraordinary measure" indicating that "the film was not near completion in the lead up to the termination effective date, making it more likely that it was not completed." (*Id.* at 46.)  The Hill Parties reason that because "using AI in an effort to accelerate postproduction would represent at least a significant publicity risk[,]" the Studio Parties would only have done so "if the film was so far from being completed in the later part of 2023 that they thought they stood no chance of completing it prior to the termination effective date."  (*Id.*)  The Hill Parties also argue that the AI documents are relevant to willfulness because "the taking of extraordinary measures . . . tends to prove that [the Studio Parties] understood the termination notice to be valid and the 2024 Remake to infringe."  (*Id.* at 47.)

        The Studio Parties oppose producing documents in response to this request.  The Studio Parties emphasize that they have agreed to produce numerous categories of materials that will show the state of the 2024 Film before, at, and after the termination date including: documents sufficient to show the dates of completion of the iterations of the 2024 Film; copies of all production, shooting, and/or post-production schedules for the 2024 Film; documents sufficient to show when principal photography was completed; documents sufficient to show when the last reshoot and/or pickup was completed; documents sufficient to show when the 2024 Film was "picture locked," including the dates of all locked cuts and the final picture lock for the 2024 Film; documents sufficient to show when the final audio mix for the 2024 Film was completed; documents sufficient to show when all visual effects for the 2024 Film were completed; documents sufficient to show when the color grading for the 2024 Film was completed; and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-01587-HDV-SSC                Date: May 26, 2026

Title       R. Lance Hill v. Metro Goldwyn Mayer Studios Inc., et al.

documents sufficient to show when the 2024 Film Printmaster was completed.  (*Id.* at 50–51 & n.16.)

The Court agrees with the Studio Parties that the AI documents requested by the Hill Parties are not relevant.  Whether defendants utilized such AI technologies to complete the film has no bearing on the applicability of the derivative-works exception.  *See* 17 U.S.C. § 203(b)(1) ("A derivative work prepared under authority of the grant before its termination may continue to be utilized under the terms of the grant after its termination, but this privilege does not extend to the preparation after the termination of other derivative works based upon the copyrighted work covered by the terminated grant."); *see also Gilmore v. Safe Box Logistics, Inc.*, No. 21-cv-06917-TLT (RMI), 2023 WL 361081, at *3 (N.D. Cal. Jan. 23, 2023) ("This effort at establishing relevance is so sweeping and so generic that—under this reasoning— 'relevant evidence' would exclude nearly nothing and would include nearly everything.  Relevance must be established with a concrete logical chain, as opposed to speculation, guesswork or hopes and wishes as to what the documents or information *might* reveal.").  This is particularly so in light of the Studio Parties' agreement to produce materials showing the actual status of the film during the relevant periods.  Accordingly, the Court DENIES the Hill Parties' motion to compel as to RFP No. 58.

\*\*\*

The Studio Parties request that the Court grant their attorney's fees incurred in opposing the Hill Parties' motion to compel.  (ECF 75-1 at 11.)  When a discovery motion is granted in part and denied in part, Rule 37(a)(5) of the Federal Rules of Civil Procedure provides that "the court . . . may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion."  Fed. R. Civ. P. 37(a)(5)(C).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-01587-HDV-SSC                Date: May 26, 2026

Title       R. Lance Hill v. Metro Goldwyn Mayer Studios Inc., et al.

The Court, in its discretion, declines to apportion the expenses for the motion.  The parties shall pay their own fees in relation to this motion to compel.

## V

The Court grants the Studio Parties' *ex parte* application and their concurrently filed motion to compel only as to compelling nonparty Liman to produce all nonprivileged responsive documents that he previously agreed to produce.  (ECF 84.)

## A

The Studio Parties provide the following background about this discovery dispute.  The Studio Parties contend that Toberoff and his law firm have not themselves provided what the Studio Parties have requested from them through nonparty discovery, including information implicating other nonparty financial interests such as those of Liman.  (ECF 84-2 at 7.)  The Studio Parties provided the Hill Parties' counsel (Toberoff) with notice of the subpoena on Liman on February 9, 2026, and served the subpoena on Liman's counsel on February 27, 2026.  (*Id.* at 9.)  On April 3, 2026, Liman's counsel served Liman's responses and objections to the subpoena, and the Studio Parties and Liman agreed that Liman would produce all responsive documents except for the engagement letters between Toberoff and the Hill Parties.  (*Id.* at 9–10.)  However, shortly thereafter, Toberoff asserted objections based on privilege, without copying the Studio Parties' counsel, and directed Liman's counsel not to produce the documents until Toberoff could

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-01587-HDV-SSC              Date: May 26, 2026

Title      R. Lance Hill v. Metro Goldwyn Mayer Studios Inc., et al.

review them for privilege.[15]  (*Id.*)  Liman's counsel is "hold[ing] the production in abeyance" until "the parties are in agreement regarding the scope of production" or there is "a court order resolving the dispute." (*Id.* at 11.)

The Studio Parties seek an order "compelling Liman's production of documents in response to the Studio Parties' subpoena and, as to any documents withheld on the basis of privilege, directing that they be provided to the Court for *in camera* review[.]"  (*Id.* at 14–17.)  The Studio Parties also seek "an Order enjoining Toberoff from (i) interfering with or obstructing non-party subpoena compliance; (ii) communicating with the recipient of any subpoena issued by the Studio Parties concerning such subpoena unless and until Toberoff, for [him]self or on behalf of the Hill Parties, has filed a motion to quash or for a protective order within 14 days of being noticed; (iii) communicating with such recipients on an *ex parte* basis barring a good faith basis to do so based on a privilege objection previously asserted in any such motion; and (iv) awarding sanctions in the amount of the attorneys' fees the Studio Parties have incurred in connection with the disputes raised on this motion."  (*Id.* at 14, 17.)

---

[15] The Hill Parties provide that they informed Liman's counsel on April 3, 2026, that they "will not fault you, your firm, or Mr. Liman for producing those documents today" and that the Hill Parties "otherwise reserve[] all rights and objections, including the right to assert privilege over and clawback any documents that [the Hill Parties] believe[] are privileged[.]"  (ECF 89 at 6.)  However, the Hill Parties later emailed Liman's counsel on April 6, 2026, asking that Liman's counsel not produce documents until they had a chance to review them for privilege. (*Id.*)

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-01587-HDV-SSC                    Date: May 26, 2026

Title        R. Lance Hill v. Metro Goldwyn Mayer Studios Inc., et al.

The Studio Parties argue that *ex parte* consideration is warranted here because they face a high risk of irreparable prejudice if subject to the ordinary process under Local Rule 37 and because the Studio Parties are without fault when it comes to the exigent circumstances, noting that Toberoff did not object to the subpoena for almost two months after he was given notice. (*Id.* at 11–12 (citing *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995)).)

Liman's opposition confirms that he "has consistently stated that he is prepared to produce non-privileged documents responsive to the Subpoena (subject to certain limited objections not at issue here)." (ECF 88 at 2–3.) Liman opposes the Studio Parties' *ex parte* application and motion "solely on the grounds that the Studio Parties have not set forth sufficient grounds to request an *in camera* review of documents withheld by Mr. Liman on the basis of attorney-client or common interest privilege." (*Id.* at 2.)

The Hill Parties oppose, arguing that *ex parte* relief is unwarranted and that Defendants have not shown that they are likely to succeed on their underlying motion. (ECF 89 at 5.) The Hill Parties contend that the Studio Parties demonstrated a lack of diligence by not raising the issue with the Court sooner. (*Id.* at 12.)

**B**

The Court GRANTS the Studio Parties' *ex parte* application and motion to compel.

The Court finds that *ex parte* consideration is warranted in these circumstances given that it is "apparent that the underlying motion has a high likelihood of success on the merits." *See Mission Power Eng'g*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-01587-HDV-SSC                    Date: May 26, 2026

Title        R. Lance Hill v. Metro Goldwyn Mayer Studios Inc., et al.

*Co.*, 883 F. Supp. at 492.  Further, the Court does not find that the Studio Parties failed to act with due diligence.  *See id.*  The Hill Parties' opposition further details the history of the parties' dispute about this issue, which began immediately after Toberoff directed Liman's counsel not to produce the documents on April 6, 2026.  (ECF 89 at 5–10.)  On April 9, 2026, the Studio Parties informed the Hill Parties and Liman that they intended to file an *ex parte* application related to the Liman subpoena and requested to meet and confer the next day.  (*Id.* at 6.)  The next day, Liman asked the Studio Parties to withhold their *ex parte* application until after April 14, 2026.  (*Id.* at 8.)  Later, on April 14, 2026, after the Studio Parties indicated they were holding off on filing their motion because the Hill Parties did not move to quash the subpoena, the Hill Parties indicated their intent to file a motion to quash and/or for a protective order.  (*Id.* at 8–9.)  The next week, the Studio Parties raised the issue at the parties' April 22, 2026 informal discovery conference, but the Court did not address the issue as it pertained to nonparty discovery not subject to its IDC procedures.  (*Id.* at 10.)  The next week, Defendants "held off on their filing until Monday, May 4, owing to Liman counsel's vacation schedule."  (*Id.*)

        As to the Studio Parties' motion, the Court orders that Liman must produce all nonprivileged documents responsive to the subpoena that he already agreed to produce.  As to any documents withheld on the basis of privilege, the Court orders Liman to provide a privilege log that identifies in detail the bases for the specific privilege being asserted, including whether it is claimed as attorney-client, co-client, joint defense, common interest and/or joint interest privilege.  The Court denies without prejudice the Studio Parties' request to order Liman to submit logged documents to the Court for *in camera* review.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.   2:24-cv-01587-HDV-SSC                    Date: May 26, 2026

Title      R. Lance Hill v. Metro Goldwyn Mayer Studios Inc., et al.


Should issues arise as to specific entries, the Studio Parties may raise the issue(s) with the Court at that time.

The Court denies without prejudice the Studio Parties' request to enjoin Toberoff from interfering with nonparty compliance with any subpoenas issued by the Studio Parties in this action, and the Studio Parties' related request for sanctions in the amount of the attorney's fees they incurred in connection with the disputes raised in this motion. The Studio Parties cite three out-of-circuit district court cases to support their argument. (ECF 84-2 at 12–14 (citing *Fox Indus., Inc. v. Gurovich*, No. CV 03-5166 (TCP) (WDW), 2006 WL 2882580, *2, *8–9 (E.D.N.Y. Oct. 6, 2006); *Robbins & Myers, Inc. v. J.M. Huber Corp.*, No. 01-CV-201S(F), 2011 WL 3359998, *3 (W.D.N.Y. Aug. 3, 2011); and *Teri v. Oxford Mgmt. Servs., Inc.*, No. CV 05-2777 (DRH) (WDW), 2008 WL 11435689, at *7 (E.D.N.Y. Sept. 30, 2008), *report and recommendation adopted*, 2009 WL 10706061, at *1 (E.D.N.Y. Nov. 18, 2009)).) Here, Toberoff—appearing to be acting in his capacity as counsel for the Hill Parties—asserts that the co-client privilege applies to communications between the Hill Parties and Liman with respect to this litigation. (ECF 89 at 13.) Although the Court does not address the merits of these privilege claims or any claim of privilege raised by Liman at this juncture—neither of which the Studio Parties substantively address in detail—the Court does find that Liman being Toberoff's former client, Toberoff being the Hill Parties' current counsel, and Liman and the Hill Parties seeming to allege some form of shared legal interest(s) distinguishes these circumstances from those described in the cases cited by the Studio Parties. The Studio Parties do not specify under what Rule or basis they ask the Court to consider sanctions. Regardless, the Court, in its discretion, declines to issue sanctions

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:24-cv-01587-HDV-SSC          Date: May 26, 2026

Title      R. Lance Hill v. Metro Goldwyn Mayer Studios Inc., et al.

against the Hill Parties.  The parties and Liman shall pay their own fees in relation to this discovery dispute.

***

The parties are ORDERED to produce the items ordered herein no later than 14 days from the issuance of this order, unless another date is agreed upon in writing by the parties.  Nonparty Liman is ORDERED to produce the items ordered herein no later than 14 days from the issuance of this order, unless another date is agreed upon in writing by the Studio Parties and Liman.

**IT IS SO ORDERED.**

:

Initials of Preparer          **ts**